UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | |
|---|---|
| COLLIN MOON., | UNITED STATES DISTRICT COURT OF EASTERN DISTRICT OF TEXAS |
| | |
| | Docket No. 1:23-CV-00371-MAC: |
| Plaintiff, | |
| | **CIVIL ACTION** |
| | **AMENDED COMPLAINT, JURY DEMAND, DESIGNATION OF TRIAL COUNSEL** |
| v. | |
| USP BEAUMONT AND FEDERAL BUREAU OF PRISONS., | |
| Defendants. | |

## AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, Collin Moon ("Plaintiff), by and through his undersigned counsel, hereby files this Complaint and sues USP Beaumont and Federal Bureau of Prisons ("Defendants"), alleging as follows:

## INTRODUCTION

1.    This is an action under 42 U.S.C. § 1983, the Federal Tort Claims Act, and state law to compensate plaintiff for severe personal injuries sustained while at defendants' facility and for the loss of valuable personal property.

**2.**    This action alleges that, due to the negligence and gross negligence of defendants' guard, plaintiff lost part of a finger when the guard slammed a cell door on it. Afterwards, the prison violated the Eighth Amendment to the United States Constitution by failing to provide Plaintiff his medications and negligently took plaintiff's personal property.

## JURISDICTION AND VENUE

3.    The Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1346 and 1367.

4.    Venue lies in this judicial district pursuant to 28 U.S.C. § 1391(b) because the events giving rise to the lawsuit occurred in this district and because one of the defendants is located in this district.

## PARTIES

5.    Plaintiff is an individual who is domiciled in the United States.

6.    Defendant, USP Beaumont, can be served at 6200 Knauth Road, Beaumont, TX 77705.

7.    Defendant, Federal Bureau of Prisons, has its headquarters at 320 First Street NW, Washington, DC 20534.

## FACTS

8.  On November 12, 2021, plaintiff was serving time at USP Beaumont. His prisoner number was 19921-023.

9.    A guard was having a hard time closing plaintiff's cell door. Plaintiff had attached a wash cloth to the door to keep it closed earlier in the day while he was using the bathroom. Trying to help the guard, plaintiff reached up to pull the wash cloth off the door. Before plaintiff could remove his

hand, the guard slammed the door. The top of plaintiff's right pinky finger was severed.

10.    Plaintiff picked up his finger and went to medical. Plaintiff was transported to the hospital, but it took another twelve days before a specialist could look at his hand. By then, there was no chance of reattaching his finger.

11.    This injury caused plaintiff grievous pain and anguish. He is right-handed, so he had to relearn how to do most life activities due to the missing finger. Plaintiff was afraid to approach the door for most of the rest of his stay in prison. He was unable to watch his favorite programs on television, which would have required standing by the door. He was not able to write, so he almost had to quit his personal growth program in the prison, which required writing exercises.

12.    The prison did not give plaintiff the medications he needed for his recovery as often as it was supposed to.

13.    At the end of his sentence, plaintiff went to solitary confinement for his own personal safety. When he got out, he found out that the prison employees had lost all of his important papers from his old cell. This included documentation from an ongoing custody suit, Letters he wrote to give to his children, and a log plaintiff was keeping of his medical issues.

14.    The prison never sent the required release information to the probation office while plaintiff was in prison. As a result, plaintiff has to wait until February 2024, to move into a half-way house. He is homeless until then.

## **COUNT I. NEGLIGENCE**

15. Plaintiff reincorporates the foregoing paragraphs by reference as if set forth fully herein.

16. Plaintiff has sent the required notice of claim to both defendants, and more than six months have passed with no response from defendants.

17. Defendants had a duty to ensure that plaintiff was reasonably free from harm while staying in their facility. They also had a duty to ensure that plaintiff was not unreasonably deprived of property that was lawfully his.

18. Defendants breached that duty when their employee carelessly slammed the cell door on plaintiff's finger without giving a warning or checking to make sure that plaintiff was out of the way, when the prison failed to provide plaintiff with his medication, when it failed to send required information to the probation office, and when the prison lost or confiscated his property.

19. Defendants' negligence proximately caused plaintiff's damages. The guard's action caused plaintiff to lose part of his finger. Plaintiff's recovery from that injury was delayed because he was deprived of his medication. Plaintiff is missing valuable proof of his injuries and is now homeless because of the prison's carelessness.

## COUNT II. GROSS NEGLIGENCE

20.    Plaintiff reincorporates the foregoing paragraphs by reference as if set forth fully herein.

21.    Plaintiff has sent the required notice of claim to both defendants, and more than six months have passed with no response from defendants.

22.    There was an objectively, extremely high probability of harm to plaintiff when the guard slammed the door, as plaintiff was yelling at the guard to wait as he went to remove the cloth.

23.    The guard knew of the risk and still recklessly and intentionally slammed the door with conscious indifference to plaintiff's safety.

## COUNT III. VIOLATION OF 42 U.S.C. § 1983

24.    Plaintiff incorporates the foregoing paragraphs by reference as if set forth fully herein.

25.    Plaintiff makes a claim under § 1983 for defendant's violation of the Eighth Amendment to the United States Constitution.

26.    42 U.S.C. § 1983 provides in relevant part that:

> Every person, who under color of any statute,
> ordinance, regulation, custom or usage of any state
> or territory or the District of Columbia subjects or

causes to be subjected any citizen of the United

States or other person within the jurisdiction thereof

to the deprivation of any rights, privileges or

immunities secured by the constitution and law shall

be liable to the party injured in an action at law, suit

in equity, or other appropriate proceeding for redress

. . .

27.    At all times relevant to the allegations in this Complaint, the herein named Defendants were acting under color of State law.

28.    The Eighth Amendment requires that inmates not be subjected to cruel and unusual punishment while in prison.

29.    Defendants violated the Eighth Amendment when they refused to provide plaintiff his necessary medication.

## JURY DEMAND

30.    Plaintiff hereby requests a trial by jury on all issues triable by jury.

## **PRAYER**

**WHEREFORE,** Premises considered, plaintiff prays that this honorable court would grant a judgment in its favor. Plaintiff also prays for any other relief, general or special, at law or in equity, to which it may justly be entitled.

Respectfully Submitted,

/s/ Kristi Kneedler

KRISTI KNEEDLER, ESQUIRE

State Bar No. 24107834

(Admitted in the Eastern District of Texas)

LENTO LAW GROUP, P.C.

221 N. Kansas Street, Suite 700

El Paso, TX 79907

T: 972-345-9243| F: (313) 992-1122

kkneedler@lentolawgroup.com

*Attorney* for *Plaintiff*