|||
|---|---|
| COLLIN MOON, § <br> § <br> Plaintiff, § <br> § <br> *versus* § <br> § <br> UNITED STATES OF AMERICA, § <br> § <br> Defendant. § | <br><br><br><br>CIVIL ACTION NO. 1:23-CV-371 |

UNITED STATES DISTRICT COURT — EASTERN DISTRICT OF TEXAS

## MEMORANDUM AND ORDER

Pending before the court is Defendant the United States of America's ("Defendant") Motion to Dismiss (#8), Plaintiff Collin Moon's ("Plaintiff") Response (#10), and Defendant's Reply (#12). Having considered the motion, the submissions of the parties, the record, and applicable law, the court is of the opinion that the motion should be granted.

I.   Background

By way of a Second Amended Complaint filed October 23, 2023 (#5), Plaintiff asserts an action under the Federal Tort Claims Act ("FTCA") and the Eighth Amendment against Defendant for injuries he allegedly received on November 12, 2021, while incarcerated at the United States Penitentiary in Beaumont, Texas ("USP Beaumont"). Plaintiff contends the following:

> Due to the negligence and gross negligence of a guard at USP Beaumont, [P]laintiff lost part of a finger when the guard slammed a cell door on it. Afterwards, the prison violated the Eighth Amendment to the United States Constitution by failing to provide Plaintiff his medications and negligently [taking] Plaintiff's property.

Second Amended Complaint (#5).

In the Motion to Dismiss, Defendant argues dismissal under Federal Rule of Civil Procedure 12(b)(1) is appropriate because Plaintiff failed to present the administrative tort claim

to the Bureau of Prisons ("BOP") and the independent contractor exception precludes this action against the Defendant under the FTCA. Defendant also argues that dismissal under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim is appropriate because Defendant cannot be held liable for violations of constitutional rights under the FTCA.

In his Response filed January 2, 2024, Plaintiff concedes that the independent contractor exception applies and that his claims regarding medical treatment are barred. In addition, Plaintiff waives any Eighth Amendment claims against Defendant. Thus, the only remaining issue is whether Plaintiff provided proper notice under the FTCA regarding his claims of negligence and gross negligence with respect to the incident that allegedly caused the loss of Plaintiff's finger.

II. Analysis

A. Subject Matter Jurisdiction

A motion to dismiss filed under Rule 12(b)(1) of the Federal Rules of Civil Procedure challenges the subject matter jurisdiction of the federal district court. *See* FED. R. CIV. P. 12(b)(1). "Federal courts are courts of limited jurisdiction." *Home Depot U.S.A., Inc., v. Jackson*, 587 U.S. ___, 139 S. Ct. 1743, 1746 (2019) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)); *accord Gunn v. Minton*, 568 U.S. 251, 256 (2013); *Rasul v. Bush*, 542 U.S. 466, 489 (2004); *Perez v. McCreary, Veselka, Bragg & Allen, P.C.*, 45 F.4th 816, 821 (5th Cir. 2022); *Cleartrac, L.L.C. v. Lanrick Contractors, L.L.C.*, 53 F.4th 361, 364 (5th Cir. 2022). "They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Rasul*, 542 U.S. at 489 (quoting *Kokkonen*, 511 U.S. at 377 (citations omitted)). The court "must presume that a suit lies outside this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum."

*Gonzalez v. Limon*, 926 F.3d 186, 188 (5th Cir. 2019) (citing *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir.), *cert. denied*, 534 U.S. 993 (2001)); *accord Hertz Corp. v. Friend*, 559 U.S. 77, 96 (2010); *Cleartrac, L.L.C.*, 53 F.4th at 364.

Pursuant to Congressional grant, federal courts have subject matter jurisdiction and are authorized to entertain causes of action only where a case arises under federal law or where there is diversity of citizenship between the parties and the amount in controversy exceeds $75,000.00, exclusive of interest and costs. *See* 28 U.S.C. §§ 1331, 1332; *Home Depot U.S.A., Inc.*, 139 S. Ct. at 1746; *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 513 (2006); *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005); *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 552 (2005). "These jurisdictional grants are known as 'federal-question jurisdiction' and 'diversity jurisdiction,' respectively." *Home Depot U.S.A., Inc.*, 139 S. Ct. at 1746. "Each serves a distinct purpose: Federal-question jurisdiction affords parties a federal forum in which 'to vindicate federal rights,' whereas diversity jurisdiction provides 'a neutral forum' for parties from different States." *Id.* (quoting *Exxon Mobil Corp.*, 545 U.S. at 552). "A case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case." *CleanCOALition v. TXU Power*, 536 F.3d 469, 473 (5th Cir. 2008) (quoting *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998)); *accord Simons v. Davis*, No. 20-40570, 2022 WL 3226619, at *1 (5th Cir. Aug. 10, 2022) (quoting *Griener v. United States*, 900 F.3d 700, 703 (5th Cir. 2018)); *Krim v. PcOrder.com, Inc.*, 402 F.3d 489, 494 (5th Cir. 2005). "[S]ubject-matter jurisdiction cannot be created by waiver or consent." *Biziko v. Van Horne*, 981 F.3d 418, 420 (5th Cir. 2020) (quoting

*Howery*, 243 F.3d at 919); *accord Elam v. Kan. City S. Ry. Co.*, 635 F.3d 796, 802 (5th Cir. 2011).

"A Rule 12(b)(1) motion should be granted only if it appears certain that the plaintiff cannot prove a plausible set of facts that establish subject-matter jurisdiction." *Davis v. United States*, 597 F.3d 646, 649 (5th Cir. 2009), *cert. denied*, 559 U.S. 1008 (2010); *see Ghedi v. Mayorkas*, 16 F.4th 456, 463 (5th Cir. 2021); *Young v. Hosemann*, 598 F.3d 184, 188 (5th Cir. 2010); *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001). When examining a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1), however, unlike a motion to dismiss under Rule 12(b)(6), the district court is entitled to consider disputed facts as well as undisputed facts in the record. *Randall D. Wolcott, M.D., P.A. v. Sebelius*, 635 F.3d 757, 762 (5th Cir. 2011); *Spotts v. United States*, 613 F.3d 559, 565 (5th Cir. 2010); *Ramming*, 281 F.3d at 161. Indeed, in ruling on such a motion, a court may consider "(1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Moore v. Bryant*, 853 F.3d 245, 248 (5th Cir.), *cert. denied*, 583 U.S. 996 (2017); *see Pickett v. Tex. Tech Univ. Health Scis. Ctr.*, 37 F.4th 1013, 1019 (5th Cir. 2022) (quoting *Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir. 1981)); *Spotts*, 613 F.3d at 565 (quoting *St. Tammany Parish v. Fed. Emergency Mgmt. Agency*, 556 F.3d 307, 315 (5th Cir. 2009); *Freeman v. United States*, 556 F.3d 326, 334 (5th Cir.), *cert. denied*, 558 U.S. 826 (2009).

It is well settled that "a district court has broader power to decide its own right to hear the case than it has when the merits of the case are reached." *Williamson*, 645 F.2d at 413; *accord O'Quinn v. Manuel*, 773 F.2d 605, 607 (5th Cir. 1985); *Williams v. J.B. Hunt Transp., Inc.*, 132

F. Supp. 3d 858, 863 n.1 (S.D. Tex. 2015); *Diaz v. Castro*, 122 F. Supp. 3d 603, 608 n.2 (S.D. Tex. 2014). The district court has discretion to "decide the defendants' Rule 12(b)(1) motion on the evidence and papers submitted by the parties." *Flores v. Pompeo*, 936 F.3d 273, 276 (5th Cir. 2019). "Jurisdictional issues are for the court—not a jury—to decide, whether they hinge on legal or factual determinations." *Williamson*, 645 F.2d at 413; *accord O'Quinn*, 773 F.2d at 607; *Williams*, 132 F. Supp. 3d at 863 n.1. The district court is "free to weigh the evidence and resolve factual disputes in order to satisfy itself that it has the power to hear the case." *Krim*, 402 F.3d at 494 n.17 (quoting *Montez v. Dep't of the Navy*, 392 F.3d 147, 149 (5th Cir. 2004)). To determine whether jurisdiction exists, the court will generally resolve any factual disputes from the pleadings and the affidavits submitted by the parties. *Cell Sci. Sys. Corp.*, 804 F. App'x at 263-64; *Bell v. Redflex Traffic Sys., Inc.*, 374 F. App'x 518, 522 n.3 (5th Cir. 2010); *Williams*, 132 F. Supp. 3d at 863 n.1. The court may also conduct an evidentiary hearing and "may hear conflicting written and oral evidence and decide for itself the factual issues which determine jurisdiction." *Deutsch v. Annis Enters., Inc.*, 882 F.3d 169, 173 n.1 (5th Cir. 2018); *Williamson*, 645 F.2d at 413; *see Menchaca v. Chrysler Credit Corp.*, 613 F.2d 507, 511-12 (5th Cir.), *cert. denied*, 449 U.S. 953 (1980).

The standard of reviewing a motion to dismiss pursuant to 12(b)(1) depends upon whether the defendant makes a facial or factual challenge to the plaintiff's complaint." *A.W. v. Humble Indep. School Dist.*, 25 F. Supp. 3d 973, 981 (S.D. Tex. June 11, 2014) (citing *Paterson v. Weinberger*, 644 F.2d 521, 523 (5th Cir. 1981)); *accord Cell Sci. Sys. Corp.*, 804 F. App'x at 263-64. "A 'facial attack' on the complaint requires the court merely to look and see if plaintiff has sufficiently alleged a basis of subject matter jurisdiction, and the allegations in his complaint

are taken as true for the purposes of the motion." *Cell Sci. Sys. Corp.*, 804 F. App'x at 263; *accord Den Norske Stats Oljeselskap As v. HeereMac V.O.F.*, 241 F.3d 420, 424 (5th Cir. 2001), *cert. denied*, 534 U.S. 1127 (2002); *Williamson*, 645 F.2d at 412; *Jackson v. Tex. S. Univ.*, No. 4:16-CV-1123, 2017 WL 1397914, at *2 (S.D. Tex. Apr. 19, 2017) (quoting *Menchaca*, 613 F.2d at 511). When a facial attack is involved, a motion under 12(b)(1) should be granted only if it appears certain that the plaintiff cannot prove any set of facts consistent with the factual allegations set forth in the complaint that would entitle him to relief on the claims asserted. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 563 (2007); *Home Builders Ass'n of Miss., Inc.*, 143 F.3d at 1010 (citing *Benton v. United States*, 960 F.2d 19, 21 (5th Cir. 1992)); *see Ramming*, 281 F.3d at 161; *Zamora-Orduna Realty Group, LLC. v. BBVA USA*, Civil Action No. SA-20-V-0579-FB, 2021 WL 4338955, at *1 (W.D. Tex. Mar. 31, 2021).

In certain situations, a plaintiff's failure to exhaust administrative remedies may constitute a jurisdictional defect establishing a basis for dismissal. *Taylor v. U.S. Treasury Dep't*, 127 F.3d 470, 475 (5th Cir. 1997); *Townsend v. U.S. Dep't of Just. Immigr. & Naturalization Serv.*, 799 F.2d 179, 181 (5th Cir. 1986) ("When exhaustion is statutorily mandated, the requirement is jurisdictional."); *Vargas v. United States*, No. SA-20-CV-01130-OLG, 2021 WL 11697744, at *2 (W.D. Tex. June 10, 2021); *Walker v. Mem'l Health Sys. of E. Tex.*, No. 2:17-CV-66-JRG, 2017 WL 4506801, at *5 (E.D. Tex. June 20, 2017). In some contexts, dismissal for the failure to exhaust administrative remedies should be urged through a Rule 12(b)(1) motion. *Taylor,* 127 F.3d at 475; *Walker*, 2017 WL 4506801, at *5. The United States Court of Appeals for the Fifth Circuit has held that "[w]henever the Congress statutorily mandates that a claimant exhaust administrative remedies, the exhaustion requirement is jurisdictional because it is tantamount to

6

a legislative investiture of exclusive original jurisdiction in the agency." *Taylor*, 127 F.3d at 475; *Townsend*, 799 F.2d at 181.  Exhaustion is a jurisdictional prerequisite, however, only when Congress has clearly and unequivocally manifested its intent to require a claimant to exhaust such administrative remedies. *Taylor*, 127 F.3d at 475; *Walker*, 2017 WL 4506801, at *5.

      B.      Federal Tort Claims Act

"It is axiomatic that the United States may not be sued without its consent and that the existence of consent is a prerequisite for jurisdiction." *United States v. $4,480,466.16*, 942 F.3d 655, 663 (5th Cir. 2019) (quoting *United States v. Mitchell*, 463 U.S. 206, 212 (1983)), *cert. denied*, 141 S. Ct. 112 (2020); *In re FEMA Trailer Formaldehyde Prods. Liab. Litig. (Miss. Plaintiffs)*, 668 F.3d 281, 287 (5th Cir. 2012).  The FTCA operates as a waiver of the United States's sovereign immunity for certain tort claims. *See* 28 U.S.C. §§ 2671-2680 (2006); *Levin v. United States*, 568 U.S. 503, 506 (2013); *Cascabel Cattle Co., L.L.C. v. United States*, 955 F.3d 445, 450 (5th Cir. 2020); *Gonzalez v. United States*, 851 F.3d 538, 543 (5th Cir. 2017); *In re Supreme Beef Processors, Inc.*, 468 F.3d 248, 252 (5th Cir. 2006).  By waiving sovereign immunity, the FTCA allows federal courts to exercise jurisdiction over claims brought against the United States for property damage, personal injury, or death caused by the negligent or wrongful acts or omissions of federal employees, while acting in the scope of their employment, if a private person would be liable to the claimant under comparable circumstances. *See* 28 U.S.C. §§ 1346(b), 2674; *Campos v. United States*, 888 F.3d 724, 730 (5th Cir. 2018); *Peacock v. United States*, 597 F.3d 654, 659 (5th Cir. 2010).  Waivers of sovereign immunity must be "unequivocally expressed," and any ambiguity as to the scope of the waiver in statutory language must be construed in favor of immunity. *Fed. Aviation Admin. v. Cooper*, 566 U.S. 284, 290

(2012) (citing *Lane v. Pena*, 518 U.S. 187, 192 (1996); *United States v. Williams*, 514 U.S. 527, 531 (1995)); *United States v. Mitchell*, 445 U.S. 535, 538 (1980); *Barco v. Witte*, 65 F.4th 782, 784 (5th Cir. 2023), *cert. denied*, No. 23-251, 2024 WL 71940 (U.S. Jan. 8, 2024); *$4,480,466.16*, 942 F.3d at 663 (quoting *Doe v. United States*, 853 F.3d 792, 796 (5th Cir. 2017)).

    C.    Exhaustion of Administrative Remedies

In order to invoke a waiver of sovereign immunity and proceed in federal court under the FTCA, the plaintiff must have first exhausted the administrative remedies made available by the federal agency involved. *See* 28 U.S.C. § 2675; *McNeil v. United States*, 508 U.S. 106, 110 (1993); *Coleman v. United States*, 912 F.3d 824, 834 (5th Cir. 2019); *Pleasant v. United States ex rel. Overton Brooks Veterans Admin. Hosp.*, 764 F.3d 445, 448 (5th Cir. 2014). The relevant statute provides:

> (a) An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail. The failure of an agency to make final disposition of a claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim for purposes of this section. The provisions of this subsection shall not apply to such claims as may be asserted under the Federal Rules of Civil Procedure by third party complaint, cross-claim, or counterclaim.
>
> (b) Action under this section shall not be instituted for any sum in excess of the amount of the claim presented to the federal agency, except where the increased amount is based upon newly discovered evidence not reasonably discoverable at the time of presenting the claim to the federal agency, or upon allegation and proof of intervening facts, relating to the amount of the claim.

>    (c) Disposition of any claim by the Attorney General or other head of a federal agency shall not be competent evidence of liability or amount of damages.

28 U.S.C. § 2675. Section 2675's claim presentment requirement is satisfied "if the claimant (1) gives the agency written notice of his or her claim sufficient to enable the agency to investigate and (2) places a value upon his or her claim." *Adams v. United States*, 615 F.2d 284, 289 (5th Cir.), *clarified on other grounds*, 622 F.2d 197 (5th Cir. 1980); *accord Broussard v. United States*, 52 F.4th 227, 229 (5th Cir. 2022); *Pleasant*, 764 F.3d at 448-49.

"Noncompliance with section 2675 deprives a claimant of federal court jurisdiction over his or her claim." *Adams*, 615 F.2d at 289. The filing of a claim with the appropriate governmental agency is an absolute jurisdictional prerequisite and cannot be waived. *See McNeil*, 508 U.S. at 113; *Coleman*, 912 F.3d at 834; *Transco Leasing Corp.*, 896 F.2d at 1441. "The purpose of § 2675 will be served as long as a claim brings to the Government's attention facts sufficient to enable it thoroughly to investigate its potential liability and to conduct settlement negotiations with the claimant." *Pleasant*, 764 F.3d at 449 (quoting *Rise v. United States*, 630 F.2d 1068, 1071 (5th Cir. 1980)); *see Adams*, 615 F.2d at 289.

The administrative exhaustion requirement "is more than a mere statement of procedural niceties. It requires that jurisdiction must exist at the time the complaint is filed." *Coleman*, 912 F.3d at 834 (citing *Gregory v. Mitchell*, 634 F.2d 199, 204 (5th Cir. 1981)); *see* 28 U.S.C. § 2675(a); *McNeil*, 508 U.S. at 111. The burden is on the plaintiff to prove that the federal agency received notice of the written claim; merely mailing the claim will not suffice. *Barber v. United States*, 642 F. App'x 411, 415 (5th Cir. 2016); *see Stancomb v. United States*, 121 F. Supp. 2d 1019, 1020-21 (E.D. Tex. 2000) (citing *Moya v. United States*, 35 F.3d 501, 504 (10th Cir. 1994); 28 C.F.R. § 14.2(a)); *see also Drazan v. United States*, 762 F.2d 56, 58 (7th Cir.

1985) (holding that "mailing is not presenting; there must be receipt"); *Dark v. United States*, Civ. A. No. 91-1438, 1991 WL 147544, at *2-3 (E.D. Pa. July 26, 1991), *aff'd*, 961 F.2d 1566 (3d Cir. 1992) (finding statements by plaintiff's attorney that request was mailed accompanied by copy of request letter were insufficient to prove receipt).

Defendant here maintains that the BOP never received notice of Plaintiff's claim, presenting as evidence the sworn declaration of Johnna Burrows, a representative of the South Central Regional Office of the BOP. Plaintiff argues that (1) counsel drafted the notices of claim within the time allowed by law, (2) sent the notices to secretarial staff to be sent out, and (3) that it was the habit of staff at Lento Law Group to promptly send out letters.[1] Plaintiff, however, provides no evidence to establish that the notices were actually sent out, let alone were, in fact, received by the BOP.[2]

In this situation, Plaintiff has not demonstrated that the BOP received notice of his claim as required by 28 U.S.C. § 2675. There is no evidence that the United States was aware of Plaintiff's claim prior to being served with the complaint in this case; thus, it was unable to investigate the incident at issue in a timely manner. The purpose of the notice requirement is to set forth sufficient facts to enable the government to investigate its potential liability and to conduct settlement negotiations. *See Frantz v. United States*, 29 F.3d 222, 224 (5th Cir. 1994). As stated by the Ninth Circuit, the court should not "accept [Plaintiff's] invitation to rewrite the

---

[1] The exhibits attached to Plaintiff's Response show that notices were purportedly sent to the Federal Bureau of Prisons, Legal Department, North Central Regional Office, in Kansas City, Kansas, and USP Beaumont in Beaumont, Texas, on January 20, 2022.

[2] The cover letters indicate that they were sent certified mail, return receipt requested, and include the tracking numbers. Plaintiff, however, has failed to attach any return receipt or any documentation relating to the tracking.

[FTCA] and in effect repeal the regulation by holding that mailing alone is sufficient to meet the requirement that a claim be 'presented.'" *Bailey v. United States*, 642 F.2d 344, 347 (9th Cir. 1981). Here, Plaintiff has failed to show that he mailed the letters and that they were received by the BOP, having submitted no affidavit or other proof of mailing and receipt. *See id.* (plaintiffs "did not send [notice of the claim] by certified or registered mail, a well known and easy way to establish receipt"); *accord Dark*, 1991 WL 147544, at *3. Under the circumstances, Plaintiff's FTCA claim against Defendant must be dismissed for failure to exhaust administrative remedies, thus depriving the court of subject matter jurisdiction of this action.

III.   Conclusion

Defendant's Motion to Dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(1) (#8) is GRANTED. Plaintiff's claims pursuant to the FTCA are dismissed for failure to exhaust administrative remedies, as the court is without jurisdiction to consider his claims.

SIGNED at Beaumont, Texas, this 30th day of January, 2024.

                                        MARCIA A. CRONE
                                    UNITED STATES DISTRICT JUDGE